# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
                                        )       Superior Court:
    v.                                  )       I.D. No. 1801007017
                                          )
MAURICE COOPER,               )       Supreme Court:
                                          )       No. 272, 2023
        Defendant/Appellant.     )

## ORDER DENYING DEFENDANT/APPELLANT MAURICE COOPER'S MOTION FOR TRANSCRIPTS

This 23rd day of August 2024, upon consideration of Defendant/Appellant Maurice Cooper's ("Cooper") Motion for Transcripts at state expense, and the record in this case, it appears to the Court that:

1. Defendant Maurice Cooper unsuccessfully appealed his 2019 convictions in this Court on the charges of Drug Dealing (Heroin), Aggravated Possession of Heroin, four counts of Possession of a Firearm by a Person Prohibited, and two counts of Possession of Ammunition by a Person Prohibited.[1] With the assistance of counsel, he then moved for postconviction relief under Superior Court Criminal Rule 61. That motion was denied.[2] His appeal from that decision is pending in the Delaware Supreme Court.[3]

---

[1] *Cooper v. State,* 228 A.3d 399 (Del. Apr. 15, 2020).
[2] *State v. Cooper,* 2023 WL 4881244 (Del. Super. Ct. Jul. 31, 2023, corrected Aug. 11, 2023).
[3] *Cooper v. State*, No. 272, 2023.

2.     In that Court, Cooper filed a motion and affidavit asking that his counsel be permitted to withdraw and that he be permitted to represent himself. He requested a remand to this Court for an evidentiary hearing to determine whether his request is made knowingly, intelligently and voluntarily.

3.     On April 10, 2024 the Supreme Court granted Cooper's request for an evidentiary hearing on his request to proceed *pro se.* This Court was directed to conduct a hearing on the record and make appropriate findings of fact and conclusions of law concerning his request to waive counsel in the Supreme Court.

4.     On May 14, 2024 this Court conducted the first of two hearings on remand. At that hearing, Cooper advised the Court that he was "in the process" of retaining private counsel. When asked when he expected to finalize that representation, Cooper stated "within the next few weeks." Because Cooper stated that he was in the process of retaining private counsel, the Court ended its inquiry without conducting a further hearing. Instead, the Court stated it would reconvene the parties as soon as practicable.

5.     On June 20, 2024 the Court reconvened the hearing on remand and conducted the inquiry as directed by the Supreme Court. On June 21st, the Court issued its Order on Remand finding that Cooper's waiver of his right to counsel was made knowingly, voluntarily, and intelligently and that Cooper fully understood that he must comply with the procedural rules of the Supreme Court and would likely

suffer adverse consequences should he fail to do so.[4]  On June 27th the Supreme Court granted Cooper's request to represent himself in that Court.[5]

6.      Now, Cooper moves in this Court for transcripts of the hearings held on May 14th and June 20th.  Because he is indigent, he asks that those transcripts be provided to him at state expense.  His motion states that he requires the transcripts because, "I am on appeal as a pro se defendant, and I never received transcripts from previous counsels; Delaware Supreme Court stayed the proceedings so I can have these transcripts."[6]

7.      This Court has jurisdiction to resolve Cooper's motion.  Delaware Supreme Court Rule 9(i) provides that the trial court retains jurisdiction over "all issues relating to the ordering of transcript in cases on appeal" during the pendency of an appeal to that Court.[7]

8.      Cooper's representations that he requires these transcripts because "he never received transcripts from previous counsels" and that his appeal is "stayed…so that [he] can have these transcripts" are disingenuous at best and false at worst.  He never received the transcripts from May 14th and June 20th from prior counsel because transcripts of those hearings were neither ordered, nor prepared before the Supreme Court permitted Cooper to represent himself on June 27th.  There were no

---

[4] Sup. Ct. D.I. 49.  Unless otherwise stated all docket item references are to the Supreme Court docket.
[5] D.I. 50.
[6] Super. Ct. D.I. 199.
[7] Delaware Sup. Ct. Rule 9(i).

transcripts for prior counsel to provide him. Further, his appeal has not been "stayed." Rather, after being given permission to represent himself in the Supreme Court, Cooper first moved under Supreme Court Rule 15(b) for an extension of time to file his opening brief and appendix from July 30, 2024 to August 14, 2024.[8] He cited four reasons: (1) "to appeal and receive missing transcripts never supplied pursuant to Supreme Court rule [sic] 9;" (2) to retrieve missing discovery never supplied to him by prior counsel; (3) to move to amend the Superior Court protective order; and (4) to move for "Appointment of Counsel for supervisory purposes only."[9] That motion was granted.[10] He moved again under Rule 15(b) for another extension from August 14th to August 29th.[11] He asked for that extension "on the grounds that Appellant still seeks the remaining transcripts that was [sic] transcribed pursuant to rule [sic] 9.[12] Appellant is now pro se and prior counsels did not forward any transcripts for appeal."[13] That motion is pending. The references to Rule 9 are telling because the transcripts Cooper seeks in this motion were never requested under Rule 9, or by motion, either by prior counsel or Cooper, with one exception.[14] That exception is in conjunction with Cooper's purported "appeal" of this Court's

---

[8] D.I. 57.
[9] *Id.*
[10] D.I. 50. It appears from the Supreme Court docket that Cooper has moved neither to amend the protective order, nor for appointment of counsel "for supervisory purposes only."
[11] D.I. 64.
[12] *Id.*
[13] *Id.*
[14] *See,* D.I. 6, 8, 10, 12, 13.

4

Interim Order on remand after the May 14th hearing.[15] The Senior Court Clerk forwarded that filing to counsel and advised counsel and, by copy, Cooper that the Court would take no further action on the filing.[16]   It is obvious to the Court that Cooper's appeal is not "stayed" by the Supreme Court so he "can have *these* transcripts."  It is difficult to interpret Cooper's representation to the contrary as anything other than false.

9.     The transcripts Cooper seeks at state expense are for hearings held on remand from the Supreme Court.  The purpose of the hearings was for this Court to assess whether Cooper's decision to request to represent himself in the Supreme Court was made knowingly, voluntarily, and intelligently with a full understanding of the ramifications of self-representation.  The practical effect of this Court's Order on Remand was to agree with Cooper that he should be allowed to represent himself. The Supreme Court agreed.  So, the hearings for which Cooper seeks transcripts at state expense resulted in him obtaining the result he desired.  He got what he wanted. How any of that relates to the decision this Court made in 2023 denying his motion for postconviction relief – the order from which he appeals - is unclear. Unfortunately, Cooper's disingenuous and/or false representations provide no clarity.  The Court declines to order the expenditure of state funds to pay for

---

[15] D.I. 43, 46.
[16] D.I. 47.

transcripts of a hearing where Cooper is unable to provide any plausible reason why it should do so.

**THEREFORE,** Defendant/Appellant Maurice Cooper's Motion for Transcripts at state expense is **DENIED.** Cooper's Application to Proceed *in Forma Pauperis* is **MOOT.**

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton
Ferris W. Wharton, J.

oc: Prothonotary
cc: Andrew J. Vella, Esquire, Chief of Appeals